UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **BLUE CROSS AND BLUE SHIELD ASSOCIATION,** | ) ) | |
| Plaintiff, | ) | **No. 12 C 8196** |
| | ) | |
| v. | ) | **Judge Gary Feinerman** |
| | ) | |
| **UHS OF DELAWARE, INC., UNIVERSAL HEALTH SERVICES, INC., WELLINGTON REGIONAL MEDICAL CENTER, INC., and DOES 1-10,** | ) ) ) ) | **Magistrate Judge Geraldine Soat Brown** |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Geraldine Soat Brown, Magistrate Judge

Plaintiff Blue Cross and Blue Shield Association ("BCBS") seeks a protective order requiring that certain filings by defendants UHS of Delaware, Inc., Universal Health Services, Inc. and Wellington Regional Defendants Medical Center, Inc. (collectively, "UHS") be maintained under seal because BCBS believes those filings violate a confidentiality provision of a prior settlement agreement. (Pl.'s Mot. Prot. Order) [Dkt 40.][1] UHS opposes BCBS's motion. (Defs.' Resp.) [Dkt

---

[1] Some of the briefs filed in connection with BCBS's motion for a protective order and defendants' motion to defer ruling were filed under seal. This opinion will cite to the redacted versions of the documents. The corresponding sealed versions are as follows:

| *Document* | *Sealed Version* | *Redacted Version* |
|---|---|---|
| Defs.' response to BCBS's motion for a protective order | Dkt 99 | Dkt 50 |
| BCBS's reply in support of its motion for a protective order | Dkt 97 | Dkt 55 |

50.]  UHS also asks the court to defer ruling on BCBS's motion so it can pursue discovery in an effort to refute a statement made by BCBS in its reply.  (Defs.' Mot. to Defer)  [Dkt 62.][2]  For the following reasons, both motions are denied.

## Background

BCBS provides health insurance, and UHS provides healthcare services.  (First Am. Compl. ¶¶ 10, 15.) [Dkt 27.]   In this lawsuit, BCBS asserts, among other things, that UHS infringed its trademarks and breached a contract, specifically, a settlement agreement resolving a prior lawsuit

| | | |
|---|---|---|
| Barnhart declaration supporting BCBS's reply in support of its motion for a protective order | Dkt 98 | Dkt 56 |
| Defs.' motion to defer ruling on BCBS's motion for a protective order | Dkt 60 | Dkt 62 |
| Defs.' answer and affirmative defenses | Dkt 34 | Dkt 45 |
| Defs.' motion to dismiss | Dkt 35 | Dkt 46 |
| Defs.' memorandum in support of its motion to dismiss | Dkt 37 | Dkt 47 |

[2]  The District Judge granted UHS's request to refile its motion under seal and struck the originally filed version. (Order, Aug. 16, 2013.)  [Dkt 66.] Hence, both the original version (now under seal) and the corresponding redacted version are pending because the originally filed version [dkt 60] was stricken only as an administrative matter to allow it to be removed from the public docket.

between the parties, *Blue Cross & Blue Shield Assn. v. UHS of Delaware, Inc.*, No. 09 C 7935 (N.D. Ill.).  (*Id*. ¶¶ 40-43.).[3]

In its motion, BCBS asserts that the settlement agreement contains a confidentiality provision requiring the parties to keep certain information confidential and that UHS breached that confidentiality provision by disclosing confidential information in its responsive pleadings in this lawsuit  (Pl.'s Mot. at 1, 3.)  BCBS notes that UHS's filings include an unredacted copy of the settlement agreement.  (*Id.* at 3.)  BCBS asks the court to expunge from the public record and file under seal UHS's counterclaim and all of its exhibits, UHS's motion to dismiss and all of its exhibits, and UHS's memorandum in support of its motion to dismiss.  (*Id*. at 5.)  As a "first alternative," BCBS asks that specific paragraphs of UHS's filings, including paragraphs 13 and 15 of UHS's counterclaim, be redacted or filed under seal.  (*Id.*) The District Judge placed UHS's filings [dkt 34, 35 and 37] under seal provisionally and ordered redacted versions filed.  (Order, July 16, 2013.)  [Dkt 42.][4]  The propriety of maintaining the seal is the issue presently before the court.

Interestingly, BCBS does not include a copy of the settlement agreement as an exhibit to its motion nor even quote the purported confidentiality provision.  Its reference to UHS's having included the settlement agreement in its filings does not include a citation to the docket where the

---

[3]  BCBS invokes diversity and federal question jurisdiction.  *See* 28 U.S.C. §§ 1332, 1331.  BCBS's invocation of diversity jurisdiction is doubtful because the complaint named ten Does as defendants. (Am. Compl. ¶ 15.)  For the purposes of diversity jurisdiction, a complaint must affirmatively establish each party's citizenship.  *See Guaranty Natl. Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58 (7th Cir. 1996).  Hence, "unknown defendants (who are necessarily of unknown citizenship) foreclose any possible allegation of total diversity." *Bryant v. Yellow Freight Systems*, 989 F. Supp. 966, 968 (N.D. Ill. 1997).  BCBS's pleading of federal trademark claims, however, secures federal jurisdiction.

[4]  UHS filed redacted versions of its answer and affirmative defenses [dkt 45], its motion to dismiss [dkt 46] and its memorandum in support of its motion to dismiss [dkt 47.]

court might find the agreement. In fact, the settlement agreement appears in the public record in redacted form as Exhibit A to UHS's redacted Answer and Counterclaims [dkt 45], and in complete form as Exhibit A to UHS's originally-filed Answer and Counterclaims [dkt 34], which is now under seal. The confidentiality provision – the provision upon which BCBS bases its present motion – is completely redacted in the public version. [Dkt 45, Ex. A ¶8.]

As a threshold matter, UHS moves to defer ruling on BCBS's motion so that UHS can take discovery regarding a statement made in a declaration filed by BCBS in support of its motion. BCBS filed a declaration by one of its employees, Emily Barnhart, in which Ms. Barnhart makes a representation about other settlements BCBS has entered into, in contrast to the one between BCBS and UHS. (Decl. Emily Barnhart ¶ 4.) [Dkt 56.] UHS wants to take discovery about those other settlements. According to UHS, it is "entitled to completely examine this new issue interjected into this matter unilaterally by BCBSA so that the Court can be fully apprised of the facts surrounding this assertion before issuing any ruling on [BCBS's] motion." (Defs.' Mot. to Defer at 4.) For the reasons set out below, however, additional factual material on that point is not necessary. Ms. Barnhart's assertion is not germane to whether BCBS is entitled to keep the terms of the settlement agreement out of the public record in this case. Accordingly, UHS's motion to defer ruling is denied.

## Discussion

Federal Rule of Civil Procedure 26(c) authorizes the court to issue protective orders when the moving party makes a showing of "good cause." *See* Fed. R. Civ. P. 26(c)(1). Although BCBS argues that sealing the filings here would help BCBS and not harm UHS, the filing of documents on the docket under seal implicates considerations beyond the interests of the parties. "The general rule

is that the record of a judicial proceeding is public." *Jessup v. Luther*, 277 F.3d 926, 927 (7th Cir. 2002). "People who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publically accountable) officials. Judicial proceedings are public rather than private property." *Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). Those considerations create a presumption against sealing documents filed on the docket, which can be overcome when there is a "compelling interest in secrecy." *Jessup*, 277 F.3d at 928.

BCBS argues that it should be entitled to maintain the confidentiality that it bargained for in the settlement agreement. It points to *Grove Fresh Distributors, Inc. v. John Labatt Ltd.*, 888 F. Supp. 1427 (N.D. Ill. 1995), *aff'd by* 134 F.3d 374 (7th Cir. 1998) (nonprecedential disposition), in which the trial court stated that "absent special circumstances, a court should honor confidentialities that are bargained-for elements of settlement agreements." 888 F. Supp. at 1441 (internal quotations omitted). The court's statement was made in the context of holding a lawyer in contempt for violating a protective order that had been entered based on the lawyer's pattern of disclosing protected information to extract settlement. *Id*. at 1438.

The present motion, however, comes in a very different context. BCBS brought this lawsuit for the purpose of enforcing the settlement agreement. The Seventh Circuit has observed that "[o]rdinarily . . . settlement agreements, like most arbitration awards and discovery materials, are private documents." *Jessup*, 277 F.3d at 928. That changes, however, when enforcement of the settlement agreement is itself the subject of the lawsuit. In that situation, the Seventh Circuit has held that "[a] settlement agreement is a contract, and when parties to a contract ask a court to interpret and enforce their agreement, the contract enters the record of the case and thus becomes

available to the public, unless it contains information such as trade secrets that may legitimately be kept confidential." *Herrnreiter v. Chi. Hous. Auth.*, 281 F.3d 634, 636 (7th Cir. 2002). "[T]he *dispositive* documents in any litigation enter the public record notwithstanding any earlier agreement" even though "many litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, but when these things are vital to claims made in litigation they must be revealed." *Baxter Intl., Inc. v. Abbott Laboratories*, 297 F.3d 544, 546-47 (7th Cir. 2002) (emphasis in original). "Many a litigant would prefer that the subject of the case – how much it agreed to pay for the construction of a pipeline, how many tons of coal its plant uses per day, and so on – be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing." *Union Oil Co.*, 220 F.3d at 567.

When the terms of a settlement "become an issue in a subsequent lawsuit . . . . the presumption of a right of public access to court documents should apply." *Goesel v. Boley Intl. (H.K.) Ltd.*, 738 F.3d 831, 834 (7th Cir. 2013) (Posner, J., in chambers). That is the case here: the part of the settlement agreement that BCBS wants sealed is a subject of dispute between BCBS and UHS.

In pleading its breach of contract count, BCBS alleges that it performed all obligations required of it under the settlement agreement except those excused by UHS's alleged breaches. (Am. Compl. ¶ 42.) UHS's counterclaim, however, alleges that BCBS has not performed all of the conditions of the settlement agreement and, specifically, that BCBS has failed to perform a particular obligation that BCBS undertook in the settlement agreement. (Defs' Counterclaim ¶¶ 13 -23.) It is this obligation that BCBS does not want disclosed.

BCBS, correctly, does not argue that the terms of settlement agreement constitute a trade secret or that disclosure would "seriously compromise personal or institutional privacy or national security." *Goesel,* 738 F.3d at 835.   Instead, it argues that it rarely enters into agreements with the subject term, and that knowing BCBS entered into an agreement with UHS including the subject term would have "economic value to third parties. " (Barnhart Decl. ¶¶ 4, 5; Pl.'s Reply at 1.)  BCBS fears that disclosure of the subject term would hurt its litigation and negotiation strategies. (Barnhart Decl.¶ 5.)

This argument fails because, as discussed above, "[p]eople who want secrecy should opt for arbitration."  *See Union Oil*, 220 F.3d at 568; s*ee also Huntington Natl. Bank v. Greenwood Place, LP*, No. 1:09-CV-1110-TWP-TAB, 2012 WL 692601 at *3 (S.D. Ind. Mar. 2, 2012) (rejecting movant's request to maintain seal on personal financial information where that information was "at the heart of this dispute" and noting that if the movant "wanted to keep his financial condition under a veil of secrecy, he could have negotiated an arbitration clause").

BCBS did not opt for arbitration.  Instead, it filed a second federal lawsuit asserting that UHS breached the settlement agreement.  In doing so, BCBS put at issue whether it complied with its own obligations under the settlement agreement.  UHS denies that BCBS complied and counterclaims for enforcement of BCBS's obligations.  Those issues are at the heart of what the court is to decide in this case.  BCBS cannot keep the disputed term, which UHS alleges BCBS breached, out of the public record.

The desire to keep a term in a settlement agreement confidential is common.  *See Herrnreiter*, 281 F.3d at 637.  That desire, however, "is not nearly on a par with national security and trade secret information.  Now that the agreement itself has become a subject of litigation, it

must be opened to the public just like other information (such as the wages paid to an employee, or the price for an architect's services) that becomes the subject of litigation." *Id*.

In sum, the Seventh Circuit has "uniformly rejected" parties' "requests to seal proceedings in order to implement the parties' preference for seclusion." *Union Oil*, 220 F.3d at 568 (collecting cases). Accordingly, BCBS's motion for a protective order is denied.

## Conclusion

For the foregoing reasons, defendants' motion to defer ruling on BCBS's motion for a protective order [dkt 62] and BCBS's motion for a protective order [dkt 40] are denied. The documents that were provisionally filed under seal shall remain under seal through March 3, 2014. On March 4, 2014, the Clerk of the Court will be directed to place the sealed versions of the documents listed in footnote 1 in the public record.

*Geraldine Soat Brown*

_____
Geraldine Soat Brown
United States Magistrate Judge

February 25, 2014